WILSON, Judge.
This is a civil action brought under the Mohegan Torts Code, MTO 2001-07, wherein the Plaintiff alleged that she was a patron at the Defendant’s Mohegan Sun Casino when a ceiling tile “fell from the ceiling striking the Plaintiff on her head and shoulders and splintering and hitting the Plaintiff in the lace and eyes and arms,” and that “the Plaintiff, Bertha Morris’s injuries and damages were caused by the negligence and carelessness of the Defendant ...” in one or more of several ways, (Paragraphs 4 and 5).[1]
The Defendant moved to strike claiming (1) that the Complaint contains no allegation that the falling ceiling tile caused any injury to the Plaintiff; and (2) that the Complaint contains no allegation of the duty of care that was allegedly breached when the ceiling tile fell.
The Plaintiff objected to the Motion to Strike. The Plaintiff noted that the original Complaint did not contain the second page, which contained Paragraphs 5e, 5f and Paragraphs 6 and 7. Paragraphs 5e and f contain additional specifications of negligence and paragraphs 6 and 7 contain more specific statement of the injuries alleged in Paragraph 5. The Plaintiff requested leave to amend the Complaint and amended the Complaint by filing the omitted page. This cures any defect concerning allegations of injury, thus answering the first ground of the Defendant’s Motion to Strike.
The second ground, i.e., an alleged failure to allege the breach of a duty of care is without merit. MTO 2001-17. The Torts Code requires that “the Complaint shall contain the following: ... 2. A concise statement of the factual basis for the complaint ...” MTO 2001-17, Sec. 8.0.2. Further, the Rules of Civil Procedure require the Complaint to “contain a concise statement of the facts constituting the cause of action.” G.D.T.C. Rules of Civil Procedure § 19. Thus, the Court requires fact *550 pleading. The rule discountenances, the pleading, in haee verba, of legal conclusions. The legal conclusion logically drawn from the facts as alleged is that the Defendant breached its legal duty to exercise reasonable eare to avoid injury to its patrons.
The rule and the Ordinance encourage conciseness in the pleading of the facts. The Plaintiffs allegations that she was a patron at the casino owned, possessed and controlled by the Defendant, and that she was injured because of the negligence of the Defendant, concisely sets forth a good cause of action.
The Motion to Strike is denied.

. The original complaint, after Paragraph 5d., obviously appears to contain some inadvertent omissions, for the next paragraph is the ad damnum clause.